# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| POULTRY ASSET MANAGEMENT GROUP, LLC, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) JURY DEMAND<br>) |
| JONATHAN WILLIAM WEBB, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Poultry Asset Management Group, LLC ("PAMG" or "Plaintiff"), by and through counsel, and for its complaint against Defendant Jonathan William Webb alleges as follows:

## INTRODUCTION

1. This is a civil action seeking damages against Defendant Jonathan William Webb for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, and fraudulent inducement.

## PARTIES

2. Plaintiff Poultry Asset Management Group is a Georgia limited liability company with its principal place of business located at 1215 Industrial Blvd., East Ellijay, GA 30540.

3. Defendant Jonathan William Webb is resident of the State of Tennessee with his address located at 584 Gap Springs Rd S.E., Old Fort, TN 37362.

## JURISDICTION AND VENUE

1

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. There is complete diversity between the parties because, for the purpose of determining diversity of citizenship, Plaintiff is a citizen of the State of Georgia and Defendant is a citizen of the State of Tennessee.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts or omissions giving rise to this claim occurred in this judicial district.

## ALLEGATIONS OF FACT

7. Defendant is the owner of property located at 584 Gap Springs Road S.E., Old Fort, Tennessee 37362 (the "Property").

8. On or about October 10, 2022, Plaintiff and Defendant entered into a contractual agreement (the "Agreement") for Plaintiff to build 2.5 pullet houses, in which chicks are raised from hatching until they are ready to produce eggs, on Defendant's property. A copy of the Agreement between the parties is attached as *Exhibit 1*.

9. Under the terms of the Statement of Work attached as Exhibit A to the Agreement, which is incorporated by reference into the Agreement, Plaintiff was engaged to both conduct the site work for the pullet houses to be constructed on the Property and also to identify, engage, and coordinate third-party contractors to erect the pullet houses on the Property.

10. In furtherance of its commitments under the Agreement, Plaintiff engaged Hughes Construction Services, LLC and Classic Poultry & Equipment LLC as third-party contractors to build the pullet houses on the Property. The third-party agreements with these contractors are

2

attached as Exhibit B to the Agreement and are incorporated by reference into the Statement of Work (which, in turn, is incorporated by reference into the Agreement).

11. The Statement of Work signed by Defendant provides that "Client has reviewed the 3rd Party Agreements and agrees that they encompass the Work to be done under this agreement."

12. Although Defendant's estimate for the site work to be performed on the property was calculated at $175,000, as an incentive for Defendant to enter into the Agreement Plaintiff discounted the cost of the site work on the Property to $120,000.

13. The Agreement does not set any deadline for the site work on the Property to be completed, nor does the Agreement indicate that time is of the essence with respect to the work to be performed by Plaintiff.

14. Paragraphs 5–6 of the Agreement set forth the processes for the termination of the Agreement by either party. At no time to date has Defendant taken the prescribed steps to terminate the Agreement between the Parties.

15. Despite complications created by wet weather and the discovery of rock under the surface of the job site, Plaintiff completed the site work on the Property, and Defendant paid Plaintiff for the site work performed on the Property.

16. In or around March 2023, however, when it came time to begin construction of the pullet houses on the Property, Defendant informed Plaintiff that he had found a cheaper alternative to construct the pullet houses. It is Plaintiff's understanding that a different contractor or contractors have since been hired by Defendant to construct the pullet houses on the Property, in violation of the terms of the Agreement between the Parties.

17. Prior to advising Plaintiff that he had identified an alternate, cheaper option for the project, moreover, Defendant reached out directly to the third-party contractors, Hughes

Construction Services and Classic Poultry & Equipment, to inquire as to whether they would be willing to work directly with him on the construction of the pullet houses, so as to cut Plaintiff out of the arrangement and thereby reduce the cost of the project, but that proposal was rejected by the contractors.

18. Under the terms of the Agreement, the amount to be paid to Plaintiff for the construction of the pullet houses was ten percent (10%) of all fees paid for the work performed by the third-party contractors.

19. As reflected in the third-party agreements attached as Exhibit B to the Agreement, the total price for the construction of the pullet houses was $1,573,065.00. The amount to be paid to Plaintiff under the terms of the agreement, therefore, was $157,306.50. Plaintiff's material breach of the Agreement, therefore, proximately caused damage to Plaintiff in the amount of $157,306.50.

20. Paragraph 6 of the Agreement provides that "If either party deems it necessary to enforce any of the provisions of this agreement by or through an attorney at law, the non-prevailing party shall pay for the prevailing party all costs of such enforcement, including, without limitation, reasonable attorney's fees incurred in such enforcement."

## COUNT I: BREACH OF CONTRACT

21. Plaintiff expressly incorporates herein by reference the allegations contained in Paragraphs 1 through 20 above as if fully rewritten herein.

22. Plaintiff and Defendant entered into a valid written contract for the construction of pullet houses on Defendant's Property.

23. Defendant breached the agreement by utilizing a different contractor or contractors to construct the pullet houses on Defendant's Property.

24. The breach of the Agreement by Defendant was the proximate cause of damage suffered by Plaintiff in an amount to be shown at trial.

## COUNT II: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

25. Plaintiff expressly incorporates herein by reference the allegations contained in Paragraphs 1 through 24 above as if fully rewritten herein.

26. Under Tennessee law, every contract implies a covenant of good faith and fair dealing.

27. The acts and omissions of Defendant as described herein constitute a breach of the covenant of good faith and fair dealing implied in the Agreement.

28. As a direct and proximate result of the breach of the covenant of good faith and fair dealing by Defendant, Plaintiff incurred direct damages in an amount to be proven at trial.

## COUNT III: UNJUST ENRICHMENT

29. Plaintiff expressly incorporates herein by reference the allegations contained in Paragraphs 1 through 28 above as if fully rewritten herein.

30. The discount provided by Plaintiff with respect to the site work performed on Defendant's Property conferred a benefit on Defendant in that Defendant paid less for that site work than he otherwise would have.

31. Defendant knew and/or appreciated that such a benefit was so conferred.

32. The acceptance or retention of such a benefit by Defendant under these circumstances without fulfilling his obligations and promises under the terms of the Agreement was and is inequitable.

33. Defendant's wrongful conduct that enriched Defendant to the detriment of Plaintiff entitles Plaintiff to recover from Defendant in an amount to be shown at trial.

## COUNT IV: PROMISSORY ESTOPPEL

34. Plaintiff expressly incorporates herein by reference the allegations contained in Paragraphs 1 through 33 above as if fully rewritten herein.

35. As set forth in the Agreement, Defendant made a promise to compensate Plaintiff for the construction of pullet houses on the Property.

36. The promise made by Defendant to Plaintiff was neither ambiguous nor unenforceably vague.

37. Plaintiff reasonably relied to its detriment upon the promise made by Defendant as set forth in the Agreement, discounting site work to be performed by Plaintiff on Defendant's Property and foregoing other available work based upon the expectation that it had already contracted the project with Defendant.

38. Defendant's subsequent failure to fulfill its promises to Plaintiff has caused Plaintiff to suffer damages in an amount to be proven at trial.

## COUNT V: COMMON LAW FRAUD

39. Plaintiff expressly incorporates herein by reference the allegations contained in Paragraphs 1 through 38 above as if fully rewritten herein.

40. Defendant made a material representation to Plaintiff that he would pay Plaintiff for the construction of pullet houses on his Property.

41. At the time that Defendant represented to Plaintiff that he would pay Plaintiff for the construction of pullet houses on his Property, Defendant knew of the falsity of that representation or had utter disregard for the truth of that representation.

42. Defendant intended to induce reliance on the part of Plaintiff with respect to his representation, and Defendant's representation did in fact induce reliance on the part of Plaintiff.

43. Defendant's fraudulent conduct has caused Plaintiff to suffer damages in an amount to be proven at trial.

44. Defendant's fraudulent conduct entitles Plaintiff to recover punitive damages from Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. That proper process be issued and served upon Defendant and that Defendant be required to answer this Complaint within the time period provided by law;

B. That, in accordance with the Federal Rules of Civil Procedure, Plaintiff be granted a trial by jury on all issues;

C. That the Court enter judgment in favor of Plaintiff and against Defendant in an amount to be determined by the Court;

D. That the Court enter judgment in favor of Plaintiff and against Defendant for punitive damages in an amount to be determined by the Court;

E. That the Court enter judgment in favor of Plaintiff and against Defendant for exemplary, punitive, and/or trebled damages in an amount to be determined by the Court;

F. That this Court enter an order granting Plaintiff pre- and post-judgment interest, along with attorneys' fees and costs, including, but not limited to, discretionary and non-discretionary costs, as allowed by law; and

G. For such other, further, special, extraordinary, and general relief to which Plaintiff are entitled in law and/or equity under the circumstances of this cause.

Respectfully submitted,

**EVANS HARRISON HACKETT PLLC**

By: */s/ Maury Nicely*
Maury Nicely (BPR No. 018997)
Paige T. Walter (BPR No. 040645)
835 Georgia Avenue, Suite 800
Chattanooga, TN 37402
Phone: 423.648.7890
Fax: 423.648.7897
mnicely@ehhlaw.com
pwalter@ehhlaw.com

*Counsel for Plaintiff*